MORRIS v. BEACH.†

(Circuit Court of Appeals, Third Circuit.   November 6, 1911.)

No. 31 (1,530).

TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES.
    In an action for breach of a contract alleged to have been made di-
rectly between plaintiff and defendant, instructions which permit a re-
covery on a contract between plaintiff and a third party, provided the
jury find that such contract was afterward assumed by defendant, are
without the issues made by the pleadings, and erroneous.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig.
§ 251.*]

    In Error to the Circuit Court of the United States for the Dis-
trict of New Jersey.
    Action at law by Robert J. Beach against Benjamin P. Morris.
Judgment for plaintiff, and defendant brings error.   Reversed.

    Edmund Wilson, for plaintiff in error.
    George P. Breckenridge, for defendant in error.

    Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

    LANNING, Circuit Judge.   The plaintiff, Beach, recovered in the
Circuit Court against the defendant, Morris, a judgment for the sum
of $1,927.17.   By his declaration the plaintiff avers that on January
30, 1905, the defendant, through his agent, C. M. Fowler, and under
the name of "Camp Belmar on Shark River," entered into a contract
in writing with the plaintiff for grading and improving a certain tract
of land belonging to the defendant.   A copy of the contract is an-
nexed to the declaration and made a part thereof.   It is an inar-
tistically drawn document.   No parties are named in the body of it,
but the signatures subscribed are "Camp Belmar on Shark River, by
C. M. Fowler," and "Robert J. Beach."   The name of the defend-
ant, Morris, does not appear therein.   On its face, therefore, it is a
contract between Camp Belmar on Shark River (a corporation or-
ganized the preceding July by Beach, Fowler, and Morris) and Robert
J. Beach.   It was so considered on the trial.   In his charge to the
jury the learned trial judge repeatedly declared that, unless the de-
fendant assumed the contract, the plaintiff could not recover.   The
jury were, therefore, left free to find that this contract, alleged to have
been made by the plaintiff directly with the defendant, was in fact
made by the plaintiff with a third party and assumed by the defend-
ant.   The declaration contained no averment of assumption by the de-
fendant, and, as no such question was presented by the pleadings, the
charge in the respect mentioned was erroneous.
    The declaration also contains the common counts.   The charge, in
so far as it related to them, is unobjectionable.   On the proofs sub-
mitted, we think the case should have gone to the jury on the common
counts only.   The jury could then have awarded to the plaintiff ade-
quate compensation for any work done by him and accepted by the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied.

fendant. It is possible that the jury's verdict was intended by them to be an award of such compensation. But we cannot be sure of it. It may be that they concluded that the defendant had assumed a contract made between the plaintiff and Camp Belmar on Shark River, and that the plaintiff had substantially performed that contract. If so, their verdict was founded on an erroneous basis.

We are compelled, therefore, to reverse the judgment and award a new trial.